THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST FAULKNER, Defendant-Appellant.

(No. 55657;

First District—September 28, 1971.

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

On August 9, 1968, defendant pleaded guilty to the crime of armed robbery and was placed on probation for three years. On August 25, 1970, he was convicted of the unlawful use of a weapon and again admitted to probation with the condition that he serve the first 120 days in the House of Correction.

A probation violation hearing was conducted on October 15, 1970 and his probation granted on August 9, 1968 was revoked and he was

sentenced to not less than two nor more than six years in the Illinois State Penitentiary.

On October 15, 1970, defendant filed a notice of appeal and the Public Defender was appointed counsel. A motion to allow the Public Defender to withdraw from the case has been filed. He states that the only basis of appeal would be whether the probation violation was proven when it was stipulated at the probation violation hearing that defendant was convicted of the unlawful use of a weapon. In accordance with *Anders v. California* (1967), 386 U.S. 738 the Public Defender has submitted to this court a brief and the transcript of proceedings. The record shows that at the proceedings to revoke probation it was stipulated that defendant on August 25, 1970 had been convicted of the crime of unlawful use of a weapon.

Defendant did not file any pleadings in response to the notice of the Public Defender or of the court. Defendant did write this court and urged that his convictions for armed robbery and unlawful use of weapon were improper. However, no appeals were taken from these convictions. The record before us establishes that the probation was properly revoked and we sustain the position of the Public Defender. The motion for leave to withdraw is therefore allowed and the judgment is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and SCHWARTZ, J., concur.